UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA E. MORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:03-cv-0995-DFH-VSS |
| | ) |
| JOANNE B. BARNHART, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

ENTRY ON APPLICATION FOR ATTORNEY FEE AWARD

Plaintiff Teresa Morton won a remand of the denial of her application for disability insurance benefits and supplemental security income. She has applied for an award of $3,053.00 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and for costs of $150.00 under 28 U.S.C. § 2412(a). The defendant Commissioner opposes the application on the ground that the government's position was substantially justified.

*Standards under the Equal Access to Justice Act*

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

> States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In general, to be eligible for a fee award under this provision, four elements must be satisfied: (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application. See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). (The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests are unlikely to come into play for a person seeking disability benefits under the Social Security Act.) Ms. Morton is a "prevailing party" for purposes of the EAJA. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA). The only issue the Commissioner has raised is whether her position was "substantially justified."

The Commissioner has the burden of proving that her position was substantially justified. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The court will look to both the agency's pre-litigation conduct and its litigation position. *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in

addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Jackson*, 94 F.3d at 278. It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 565-66. On the other hand, the Commissioner's position need not have been correct. See *Jackson*, 94 F.3d at 278, quoting *Pierce*, 487 U.S. at 566 n.2. "Substantially justified" does not mean "justified to a high degree"; the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner. If the court has remanded the denial of benefits, that deferential standard of review does not automatically mean that the Commissioner's position must have been substantially justified for purposes of the EAJA. See, *e.g.*, *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that she had a rational ground for denying benefits. See *id.*

*Discussion*

The Commissioner's position in this litigation was not substantially justified. The remand in this case was based on the ALJ's failure to comply with an important directive in the form of Social Security Ruling 00-4p, published in 65 Fed. Reg. 75759 (Dec. 4, 2000). SSR 00-4p addressed a long-nagging problem in Social Security disability litigation. Vocational experts often testified, and continue to do so, as to the physical and mental demands of jobs in ways that differ from the Dictionary of Occupational Titles, a standard reference work that is often consulted to determine whether a person with the claimant's residual functional capacity can perform work available in the national economy. The DOT is authoritative and useful, but it is not exhaustive or infallible. Accordingly, an ALJ may rely on a vocational expert's testimony that differs from the DOT. See, *e.g.*, *Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000). In such cases, though, a problem may arise as to the reliability of the vocational expert's testimony, especially if the issue is not raised. In cases decided before SSR 00-4p took effect, the Seventh Circuit imposed the burden on the claimant to raise an issue during the hearing as to any possible conflict between the vocational expert's testimony and the DOT. *Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002).

SSR 00-4p changed the ground rules. "At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency" between the vocational expert's testimony and the DOT. 65 Fed. Reg. at 75760. The SSR thus imposes an affirmative duty squarely on the ALJ to ask the vocational expert at the hearing

about whether her testimony is consistent with the DOT. If not, the ALJ must ask for additional explanations and support for the vocational expert's different view.

In this case, the ALJ did not comply with SSR 00-4p. That failure produced exactly the sort of remand that the SSR was intended to avoid. Where the remand results from a straightforward failure to comply with the specific requirements of SSR 00-4p, the Commissioner's position, both before and during litigation, has not been substantially justified. See *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (reversing denial of EAJA fee petition where ALJ's decision was remanded because ALJ had "violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations").

Accordingly, the court grants plaintiff Morton's application for an attorney fee of $3,053.00 and costs of $150.00. A separate judgment to that effect shall issue.

So ordered.

Date:   June 28, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

G. Robert Wright
grwright1@ameritech.net

-6-

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov